ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL (2025-075)

| COMISIONADO DE SEGUROS DE PUERTO RICO, Recurrida, v. UNIVERSAL INSURANCE COMPANY, Recurrente. | TA2025RA00144 | REVISIÓN procedente de la Oficina del Comisionado de Seguros de Puerto Rico. Caso núm.: I-2023-51. Sobre: violación al Art. 27.161 (3) y (6), y 27.162 del Código de Seguros de Puerto Rico, 26 LPRA sec. 2716a (3) y (6), y 2716b. |
|---|---|---|

Panel integrado por su presidenta, la jueza Romero García, el juez Pérez Ocasio y el juez Monge Gómez.

Romero García, jueza ponente.

SENTENCIA

En San Juan, Puerto Rico, a 6 de octubre de 2025.

Comparece la parte recurrente, Universal Insurance Company (Universal), y nos solicita que revisemos la *Resolución* emitida por la recurrida, Oficina del Comisionado de Seguros de Puerto Rico (OCS), el 9 de julio de 2025, notificada el 10 de julio de 2025. Mediante el referido dictamen, la OCS ordenó a Universal pagar la reclamación ofertada de $5,948.00, previamente declarada prescrita tanto por el Tribunal de Primera Instancia como por este Tribunal de Apelaciones. Adicionalmente, la OCS impuso a Universal dos multas administrativas de $5,000.00 cada una, por violaciones a los Artículos 27.161 (3) y (6), y 27.162 del Código de Seguros, 26 LPRA secs. 2716a (3) y (6), y 2716b.

Por los fundamentos que se exponen a continuación, confirmamos la *Resolución* recurrida.

I

El 8 de enero de 2021, los señores De La Cruz y Volckers presentaron ante la OCS una solicitud de investigación contra Universal en la cual alegaron irregularidades en el manejo de la reclamación por los

daños ocasionados a su propiedad tras el paso del huracán María[1]. En la querella radicada ante la OCS, los asegurados sostuvieron que: (i) no obtuvieron copia certificada de la póliza, la cual estipulaba los términos y condiciones de la póliza; (ii) realizaron un sinnúmero de diligencias a los efectos de que se atendiera su reclamación; (iii) en la oferta de Universal medió dolo y mala fe; y, (iv) efectuaron innumerables gestiones para cumplir con los términos de la póliza, pero Universal se negó a entregar copia de esta.

Los señores De La Cruz y Volckers solicitaron a la OCS que declarara con lugar la querella y, en su consecuencia, impusiera a Universal una suma de $10,000.00 por concepto de multa, por cada violación, le ordenara el pago de $5,000.00 en honorarios de abogados y, finalmente, ordenara el cumplimiento específico del contrato.

En atención al reclamo de los asegurados, el 20 de enero de 2021, la OCS notificó a Universal una solicitud de investigación, mediante un requerimiento de información[2]. No obstante, el 12 de febrero de 2021, la OCS remitió una misiva a los asegurados en la que indicó que, debido a que estos habían entablado una acción judicial contra la aseguradora ante el Tribunal de Primera Instancia, con relación a la misma reclamación, concluiría la investigación y archivaría el expediente. La agencia explicó que su política consistía en no intervenir ni emitir opiniones sobre asuntos que ya estaban ante la consideración de los tribunales[3].

El 17 de febrero de 2021, Universal presentó su contestación al requerimiento de información cursado por la OCS. En dicho escrito, señaló que la reclamación había sido objeto de una demanda en el Tribunal de Primera Instancia, el cual la desestimó por prescripción y añadió que el caso se encontraba en apelación[4].

---

[1] *Véase*, apéndice del recurso, entrada núm. 3, SUMAC TA.

[2] *Íd.*, entrada núm. 4.

[3] *Íd.*, entrada núm. 5.

[4] *Íd.*, entrada núm. 6. A su contestación, Universal adjuntó copia de la demanda presentada en el caso SJ2020CV02646, y la *Sentencia* emitida por el Tribunal de Primera Instancia el 8 de septiembre de 2020.

Entre tanto, el 4 de marzo de 2021, este Tribunal de Apelaciones notificó la *Sentencia* emitida el 26 de febrero de 2021, en la cual confirmó la *Sentencia* del Tribunal de Primera Instancia[5]. Tras exponer sus determinaciones de hechos, este Tribunal concluyó que los asegurados presentaron su demanda aproximadamente dos años después de la última interrupción del término de prescriptivo, por lo que procedía desestimar el caso por prescripción.

El 7 de marzo de 2023, la OCS dirigió a Universal un **segundo** requerimiento de información[6]. En dicho requerimiento, la OCS solicitó a Universal que presentara evidencia de que había atendido la reclamación 1984756, de conformidad con las disposiciones del Artículo 27.163 del Código de Seguros de Puerto Rico, 26 LPRA sec. 2716c.

El 20 de marzo de 2023, Universal respondió al requerimiento de la OCS. No obstante, se limitó a solicitar el cierre administrativo de la solicitud de investigación, y a remitir copia de las sentencias del Tribunal de Primera Instancia y del Tribunal de Apelaciones, junto con el expediente[7]. Al día siguiente, la OCS ordenó a Universal pagar la reclamación en tres días, y le advirtió de que, en caso de incumplimiento, impondría las sanciones correspondientes[8].

El 22 de marzo de 2023, Universal cuestionó la orden recibida por correo electrónico y señaló, nuevamente, la contradicción de exigir el pago de una reclamación que había prescrito[9].

El 11 de septiembre de 2023, la OCS emitió una orden en la cual: (1) ordenó a Universal retomar la reclamación de manera inmediata y proceder con el pago previamente ofertado a los asegurados de $5,948.00; (2) le impuso una multa de $5,000.00 por la presunta violación al Artículo 27.161(3) y (6) del Código de Seguros de Puerto Rico, por dejar de adoptar

---

[5] *Véase*, KLAN2020000956.

[6] *Véase,* apéndice del recurso, entrada núm. 8.

[7] *Íd.*, entrada núm. 9.

[8] *Íd.* entrada núm. 10.

[9] *Íd.*, entrada núm. 11.

e implementar métodos razonables para la rápida investigación de la reclamación, y no intentar de buena fe llevar a cabo un ajuste rápido, justo y equitativo de la reclamación; (3) le impuso otra multa de $5,000.00, por presunta violación al Artículo 27.162 del Código de Seguros de Puerto Rico, al no resolver la reclamación en el término de 90 días, desde que fuera presentada[10].

El 2 de octubre de 2023, Universal impugnó la orden mediante moción de reconsideración y solicitud de vista. Argumentó que la orden constituía una actuación *ultra vires,* por cuanto pretendía anular una sentencia judicial final y firme, que había declarado prescrita la reclamación[11]. Sostuvo, además, que la **OCS carecía de jurisdicción para atender una controversia de carácter estrictamente contractual y que su actuación contravenía la doctrina de cosa juzgada**.

Tras varias incidencias procesales, entre las cuales la OCS señaló fecha para la celebración de una vista administrativa, el 17 de enero de 2024, Universal presentó una solicitud de resolución sumaria[12]. Expuso cuarenta y nueve (49) hechos materiales, presuntamente no controvertidos, que justificaban la disposición sumaria del asunto.

El 10 de marzo de 2024, la OCS presentó su oposición a la solicitud de sentencia sumaria[13]. Sostuvo que no había hechos materiales en controversia y que las sentencias emitidas con relación al caso civil SJ2020CV02646, solo atendían la controversia en cuanto al derecho de los asegurados a presentar una acción legal contra la aseguradora, no así su derecho a cobrar, cuando menos, la cantidad ofertada por Universal por los daños incluidos en la reclamación. Además, arguyó que en la acción civil tampoco se había atendido asuntos regulatorios de la jurisdicción de la OCS, como los incumplimientos al Código de Seguros de Puerto Rico.

---

[10] *Véase*, entrada núm. 12. A la referida orden se le asignó el número de caso: I-2023-51.

[11] *Íd.*, entrada núm. 13.

[12] *Íd.*, entrada núm. 17.

[13] *Íd.*, entrada núm. 27.

Tras varios trámites, incluida la denegatoria de una solicitud de intervención presentada por la señora Lorraine De La Cruz, el 10 de julio de 2024, la OCS emitió la *Resolución* recurrida y confirmó la *Orden* I-2023-51[14]. Cónsono con lo anterior, ordenó a Universal pagar la reclamación a los asegurados e impuso una multa administrativa de $10,000.00, a razón de $5,000.00 por no investigar ni ajustar adecuadamente, y $5,000.00 por no resolver la reclamación dentro del término de 90 días establecido para ello.

Inconforme, el 11 de agosto de 2024, Universal presentó este recurso de revisión judicial y formuló los siguientes señalamientos de error:

> Erró el Comisionado al emitir una orden que atenta contra preceptos básicos de separación de poderes al tratar de subvertir una determinación final del Honorable Tribunal de Apelaciones, la cual constituye cosa juzgada, confirmando la desestimación por prescripción de la reclamación judicial para exactamente la misma reclamación.

> Erró el Comisionado al (1) ordenar a Universal a retomar la reclamación de manera inmediata y proceder con el pago a los asegurados e (2) imponer multas administrativas a Universal por alegadas violaciones al Artículo 27.161 (3) y (6) y 27.162 del Código de Seguros, *supra*, dado a que dicha reclamación estaba prescrita y las multas carecen de fundamento.

Por su parte, 17 de septiembre de 2025, compareció la OCS, representada por la Oficina del Procurador General de Puerto Rico, y presentó su oposición al recurso.

Con el beneficio de la comparecencia de las partes, resolvemos.

II

A

La norma reiterada es a los efectos de que las decisiones de los organismos administrativos merecen la mayor deferencia judicial, pues son estos los que cuentan con el conocimiento experto de los asuntos que les son encomendados. *Super Asphalt v. AFI y otro*, 206 DPR 803, 819 (2021). Además, al momento de revisar una decisión administrativa, el criterio rector para los tribunales será la razonabilidad de la actuación de la

---

[14] *Véase*, entrada núm. 29.

agencia. *González Segarra et al. v. CFSE*, 188 DPR 252, 276 (2013). Debido a que toda sentencia o determinación administrativa está protegida por una presunción de corrección y validez, la parte que acude a este Tribunal de Apelaciones tiene el deber de colocar a este foro en posición de conceder el remedio solicitado. *Morán v. Martí,* 165 DPR 356, 366 (2005).

A su vez, el estándar de revisión judicial en materia de decisiones administrativas se circunscribe a determinar: (1) si el remedio concedido por la agencia fue apropiado; (2) si las determinaciones de hechos de la agencia están sostenidas por evidencia sustancial que obra en el expediente administrativo; y, (3) si las conclusiones de derecho fueron correctas. *Asoc. Fcias. v. Caribe Specialty et al. II*, 179 DPR 923, 940 (2010).

Así pues, como norma general, las determinaciones de hechos de organismos y agencias "tienen a su favor una presunción de regularidad y corrección que debe ser respetada mientras la parte que las impugne no produzca evidencia suficiente para derrotarlas". *Vélez v. A.R.Pe.*, 167 DPR 684, 693 (2006). Por ello, **la revisión judicial ha de limitarse a determinar si la agencia actuó de manera arbitraria, ilegal, irrazonable, o fuera del marco de los poderes que se le delegaron**. *Torres v. Junta Ingenieros*, 161 DPR 696, 708 (2004).

De otra parte, las conclusiones de derecho de las agencias administrativas serán revisables en toda su extensión. *Vázquez, et al. v. DACo*, opinión de 21 de mayo de 2025, 2025 TSPR 56, a la pág. 28, 215 DPR ___; *Asoc. Fcias. v. Caribe Specialty et al. II*, 179 DPR, a la pág. 941. Sin embargo, esto no significa que los tribunales podemos descartar libremente las conclusiones e interpretaciones de la agencia. *Otero v. Toyota*, 163 DPR 716, 729 (2005).

En fin, como ha consignado el Tribunal Supremo de Puerto Rico, la deferencia concedida a las agencias administrativas únicamente cederá cuando: (1) la determinación administrativa no esté basada en evidencia

sustancial; (2) el organismo administrativo haya errado en la aplicación o interpretación de las leyes o los reglamentos que se le ha encomendado administrar; (3) cuando el organismo administrativo actúe arbitraria, irrazonable o ilegalmente, al realizar determinaciones carentes de una base racional; o, (4) cuando la actuación administrativa lesione derechos constitucionales fundamentales. *Super Asphalt v. AFI y otro*, 206 DPR, a la pág. 819, que cita a *Torres Rivera v. Policía de PR*, 196 DPR 606, 628 (2016); *IFCO Recycling v. Aut. Desp. Sólidos*, 184 DPR 712, 744-745 (2012).

B

En lo que concierne a la controversia que atendemos, debemos puntualizar que, ante el interés público de fiscalizar y mantener la sana administración de la industria de seguros, esta queda sujeta a una reglamentación y supervisión más estricta y rigurosa que la que les impone el Estado a otras clases de negocios. *Assoc. Ins. Agencies, Inc. v. Com. de Seg. PR*, 144 DPR 425, 442 (1997).

Conforme a lo dispuesto en el Artículo 2.030 del Código de Seguros, 26 LPRA sec. 235, la OCS tiene el deber de reglamentar y fiscalizar el negocio de seguros en nuestra jurisdicción. A su vez, la OCS cuenta con la autoridad para dictar y notificar las órdenes que estime necesarias y adecuadas para hacer cumplir las disposiciones del referido código y de cualquier otra ley o reglamento administrado por esta. 26 LPRA sec. 235.

En específico, el Artículo 2.030 establece que el Comisionado tendrá las siguientes facultades:

.	.	.	.	.	.	.	.	.	.

(3) El Comisionado podrá interponer cualesquiera remedios, acciones o procedimientos legales que fueran necesarios o convenientes para hacer efectivos los propósitos de este Código o cualquier ley o reglamento, cuyo cumplimiento o fiscalización le haya sido asignada, ya sea representado por el Secretario de Justicia o, previa autorización de éste, por sus propios abogados. Además, el Comisionado podrá designar a un funcionario de la Oficina para que le brinde apoyo y asesoramiento al fiscal del Departamento de Justicia que tenga la encomienda de instar un procedimiento criminal por violación a las leyes, reglamentos u órdenes bajo la administración de la Oficina.

> .  .  .  .  .  .  .  .  .  .
>
> (12) **El Comisionado podrá llevar a cabo las investigaciones y exámenes que considere necesarias para asegurar el cumplimiento de las disposiciones del Código, su Reglamento y las órdenes que ha emitido**, y para obtener toda la información útil a la administración de éstas. Para ello utilizará aquellos mecanismos que estime necesarios. La investigación o examen podrá extenderse a cualquier persona o entidad que tenga o haya tenido negocios de seguros y a aquellas entidades comerciales o empresas que tengan relación comercial con éstas. El alcance de la investigación o examen podrá extenderse fuera de la jurisdicción de Puerto Rico.

26 LPRA sec. 235. (Énfasis nuestro).

De otra parte, el Código de Seguros establece los términos que tiene una aseguradora para completar el ajuste de las reclamaciones presentadas por sus asegurados. En particular, el Artículo 27.162 del Código de Seguros dispone que la investigación, ajuste y resolución de cualquier reclamación se hará en el período razonablemente más corto dentro de noventa (90) días después de que se hubiera sometido a la aseguradora la reclamación. 26 LPRA sec. 2716b. Asimismo, dispone que, en los casos en que una aseguradora no pueda resolver una reclamación en el término establecido, deberá mantener en sus expedientes los documentos que acrediten la existencia de justa causa para exceder el término anteriormente dispuesto. *Íd.* Finalmente, establece que el Comisionado podrá, en cualquier momento, ordenar la resolución inmediata de cualquier reclamación si considera que se está dilatando o retrasando indebida e injustificadamente su resolución. *Íd.*

Con relación al referido artículo, el Tribunal Supremo de Puerto Rico ha resuelto que **"una reclamación se entiende como resuelta una vez la empresa aseguradora notifica a su asegurado el ajuste final de la reclamación que le fue presentada"**. *Com. Seg. P.R. v. Antilles Ins. Co.*, 145 DPR 226, 232 (1998). (Énfasis nuestro). El Tribunal aclaró que la aseguradora cumplirá con su obligación al amparo de la ley al notificar una oferta razonable. En cuanto a este factor, reiteró que la razonabilidad de la reclamación, en caso de alguna controversia entre las partes, sería resuelta por el Comisionado de Seguros de Puerto Rico. *Com. Seg. P.R. v. Antilles*

*Ins. Co.*, 145 DPR, a la pág. 232. Además, el Tribunal Supremo dispuso que, si el Comisionado resolviera que la oferta hecha por la aseguradora resultaba irrazonable, se concluiría que la aseguradora no había descargado su responsabilidad de resolver de manera diligente la reclamación.

C

En cuanto a la doctrina de cosa juzgada, el Tribunal Supremo de Puerto Rico consignó en *Municipio de San Juan v. Bosque Real, S.E.*, 158 DPR 743, 769 (2003), que la doctrina de cosa juzgada, de origen romano, tenía base estatutaria en el Art. 1204 del Código Civil de Puerto Rico de 1930[15], según enmendado, 31 LPRA sec. 3343. Por ello, en nuestro acervo jurídico, la presunción de cosa juzgada se rige por los postulados del Derecho Civil. *Acevedo v. Western Digital Caribe, Inc.*, 140 DPR 452, 464 (1996).

Así pues, conforme a la doctrina civilista, para que se active la presunción de cosa juzgada en otro juicio, "[…] es necesario que entre el caso resuelto por la sentencia y aquél en que esta sea invocada, concurra la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron." Añade el Tribunal Supremo:

> La doctrina está fundamentada en el interés del Estado en ponerle fin a los litigios y en proteger a los ciudadanos para que no se les someta en múltiples ocasiones a los rigores de un proceso judicial. *Pérez v. Bauzá*, 83 D.P.R. 220, 225 (1961). El efecto de la aplicación de esta doctrina es que la sentencia emitida en un pleito anterior impide que se litiguen posteriormente, entre las mismas partes y sobre las mismas causas de acción y cosas, las controversias ya litigadas y adjudicadas, y aquellas que se pudieron haber litigado. *Pagán Hernández v. U.P.R.*, 107 D.P.R. 720, 732-33 (1978); *Mercado Riera v. Mercado Riera*, 100 D.P.R. 940, 950 (1972).

*Municipio de San Juan v. Bosque Real, S.E.*, 158 DPR, a las págs. 769-770.

---

[15] Conforme dispone el Art. 1813 del Código Civil de 2020, 31 LPRA sec. 11,718, las disposiciones de este nuevo código **no** son aplicables a los contratos en curso de ejecución vigentes al momento de la vigencia de este. Adicionalmente, el Art. 1812, 31 LPRA sec. 11,717, establece que los actos y los contratos celebrados bajo el régimen de la legislación anterior y que son válidos con arreglo a ella, surten todos los efectos según la misma. En virtud de ello, aludimos a la fuente de la doctrina de cosa juzgada vigente al momento de la suscripción de la póliza de seguro objeto de este caso.

Basado en esos mismos propósitos, el Tribunal Supremo ha reconocido otra modalidad de la doctrina de cosa juzgada, en la que no resulta necesaria la identidad de las causas. Esta es la figura jurídica del impedimento colateral por sentencia. *A & P Gen. Contractors v. Asoc. Caná*, 110 DPR 753 (1981). Ella surte efecto cuando un hecho esencial para el pronunciamiento de una sentencia se dilucida y determina mediante sentencia válida y final. Como resultado, tal determinación es concluyente en un segundo pleito entre las mismas partes, aunque estén envueltas causas de acción distintas. *A & P Gen. Contractors v. Asoc. Caná*, 110 DPR, a la pág. 762. Véase, además, *Vidal v. Monagas*, 66 DPR 622 (1946).

Cual citado, el derogado Art. 1204 del Código Civil exigía la identidad entre las cosas, las causas y las personas de los litigantes. En primer lugar, cuando la doctrina de cosa juzgada alude a la identidad entre las *cosas*, se refiere al "objeto o materia sobre la cual se ejercita la acción". *Lausell Marxuach v. Díaz de Yáñez*, 103 DPR 533, 535 (1975). Es decir, el objeto de una demanda.

En cuanto a la identidad de *causa*, esta se refiere a la razón o motivo de pedir; significa el fundamento u origen de las cuestiones planteadas y resueltas. *A & P Gen. Contractors v. Asoc. Caná*, 110 DPR, a la pág. 765. El requisito de identidad de causas se constituye cuando la nueva acción esté como embebida en la primera o fuese consecuencia inseparable de la misma. *Acevedo v. Western Digital Caribe, Inc.*, 140 DPR, a la pág. 464.

Con referencia al requisito de la identidad de las personas de los litigantes, el mismo se rige por la doctrina de la mutualidad. *Íd.*, a la pág. 465. Ello implica que las partes litigantes deben haber sido las mismas en ambos pleitos, el original y el segundo, o se hallaren en una relación mutua. *Pol Sella v. Lugo Christian*, 107 DPR 540, 550 (1978).

Además, la doctrina de cosa juzgada es extensible a los procedimientos de naturaleza administrativa. *Mun. de San Juan v. Bosque Real*, 158 DPR, a la pág. 770. En ese ámbito, la doctrina tiene varias

vertientes; a decir: (a) su aplicación dentro de la misma agencia, a sus propias decisiones; (b) su aplicación interagencial; es decir, de una agencia a otra; y, (c) su aplicación entre las agencias y los tribunales. *Pagán Hernández v. U.P.R.*, 107 DPR 720, 733 (1978).

De ser aplicable, la doctrina de cosa juzgada surte en el ámbito administrativo el mismo efecto que en la esfera judicial. Esto es, que la sentencia dictada en un pleito anterior impide que se litiguen en un pleito posterior entre las mismas partes y sobre la misma causa de acción y cosas, las cuestiones ya litigadas y adjudicadas, y aquellas que pudieron haber sido litigadas y adjudicadas con propiedad en la acción anterior. *Íd.*, a las págs. 732-733.

Ahora bien, el Tribunal Supremo se ha negado a aplicar la doctrina de cosa juzgada de forma automática o de manera rígida. A modo ilustrativo, ha declinado aplicarla para evitar una injusticia o cuando se plantean consideraciones de interés público, aun cuando concurran los requisitos antes discutidos. No obstante, ello no implica que las excepciones a su aplicación se van a aplicar liberalmente; por el contrario, las excepciones a la aplicación de la doctrina de cosa juzgada no se favorecen, pues se puede afectar la finalidad de las controversias adjudicadas y, por ende, el buen funcionamiento del sistema judicial. *P. R. Wire Products v. C. Crespo & Assoc.*, 175 DPR 139, 152 (2008), que cita a *Parrilla v. Rodríguez*, 163 DPR 263, 271 (2004).

III

Los señalamientos de error de la parte recurrente se reducen a una sola controversia. Trae ante nuestra consideración una pregunta sobre si, mediante su resolución, el Comisionado de Seguros actuó más allá de su autoridad y si, al hacerlo, violentó los preceptos de la separación de poderes que rigen nuestro ordenamiento. Veamos.

Universal arguye que la OCS violentó el principio constitucional cardinal de separación de poderes. Aduce que la resolución objeto de controversia resulta *ultravires* y adolece de nulidad, toda vez que su efecto

es revocar una sentencia judicial que advino final y firme. Señala que, a pesar de que tanto el Tribunal de Primera Instancia como este Tribunal de Apelaciones emitimos determinaciones respecto a la acción civil instada por los asegurados en el caso SJ2020CV02646, la OCS concedió los remedios solicitados por estos. En particular, Universal se refirió al pago por la reclamación, la determinación sobre el incumplimiento de Universal con el Código de Seguros y la correspondiente imposición de multa por no haber pagado oportunamente la reclamación.

En cuanto al incumplimiento con el Código de Seguros, Universal sostiene que no resulta posible establecer que existiera obligación alguna de pagar la reclamación de los asegurados, en la medida en que los foros judiciales determinaron que la causa de acción de los asegurados había prescrito, lo cual fue así decretado mediante la sentencia que advino final y firme. Por tanto, sostiene que la OCS estaba obligada a acatar lo anterior.

Universal alude a que, en la sentencia dictada por este Tribunal de Apelaciones se confirmó que la acción de los asegurados estaba prescrita y, por tanto, carecían de derecho alguno a reclamar el pago por la reclamación o a que se sancionara a Universal. En cuanto a la reclamación por las sanciones, sostuvo que estas eran contingentes a que se determinara que Universal tenía una responsabilidad de pago a los asegurados. Por tanto, concluyó que resolver lo contrario validaba la práctica de *forum shopping*.

Finalmente, la aseguradora recurrente arguye que las multas impuestas por la OCS carecen de fundamento. Reitera sus planteamientos en cuanto a que la reclamación de los asegurados había prescrito por su inacción, luego de que Universal investigara los presuntos daños e hiciera una oferta de pago allá para el 14 de febrero de 2018.

Por su parte, la OCS arguye que su autoridad para emitir la resolución recurrida surge de manera independiente y separada de la acción legal *privada* instada por los asegurados por presunto incumplimiento de contrato. Sostiene que la jurisdicción de la OCS para

proveer el remedio objeto de controversia no se deriva del contrato privado suscrito por los asegurados, sino del poder de razón de estado conferido a la OCS para reglamentar la industria de seguros.

La OCS afirma que con su determinación no adjudicó ni emitió pronunciamiento alguno con respecto a la acción contractual privada de los asegurados contra Universal. Por el contrario, sostiene que investigó, y posteriormente sancionó, la acción pública de las infracciones al Código de Seguros por parte de Universal.

Lo argumentos esbozados por la OCS nos resulta persuasivo. Nótese que, en este caso, la demanda instada por los asegurados contra Universal ante el Tribunal de Pimera Instancia se trataba de una causa de acción privada por incumplimiento de contrato, conforme a la póliza de seguro 88DF475995. En sentido contrario, el procedimiento ante la OCS trata de una causa de acción pública y administrativa, por violaciones al Código de Seguros. Este asunto **no** estuvo ante la consideración del foro judicial ni fue resuelto por este.

Por tanto, concluimos que no concurre la más perfecta identidad entre las cosas, las causas, las personas de los litigantes ni la calidad con que lo fueron, por lo que no pude prevalecer la aplicación de la doctrina de cosa juzgada. No podemos perder de vista que, en esta ocasión, se trata de una acción administrativa de la OCS contra Universal. Cónsono con lo anterior, determinamos que la desestimación con perjuicio por prescripción de la acción judicial no puede precluir una causa pública completamente separada y entre partes distintas.

En cuanto al planteamiento de Universal a los efectos de que la actuación de la OCS fue *ultra vires*, concluimos que no le asiste la razón. En su discusión, la parte recurrente expone las facultades de la OCS, según dispuestas en la ley. No obstante, falla al dejar de exponer cómo la OCS excedió estas facultades.

Como discutimos, conforme surge del Código de Seguros de Puerto Rico, la OCS tiene tanto la facultad como el deber de reglamentar y

fiscalizar el negocio de seguros en nuestra jurisdicción. A su vez, la OCS cuenta con la autoridad para dictar y notificar las órdenes que estime necesarias y adecuadas para hacer cumplir las disposiciones del referido código, y de cualquier otra ley o reglamento administrado por esta. Además, ostenta la facultad de imponer sanciones y penalidades administrativas por violaciones al Codigo de Seguros y a los reglamentos aprobados en virtud de este.

De igual forma, la OCS también está facultada para ordenar la resolución inmediata de cualquier reclamación, si considera que se ha retrasado o dilatado indebida e injustificadamente su resolución. 26 LPRA sec. 2716b. En ese sentido, no podemos sino concluir que la agencia recurrida actuó conforme los poderes que le han sido delegados por virtud de su ley orgánica.

Conforme discutido, la revisión judicial de una determinación final administrativa ha de limitarse a determinar si la agencia actuó de manera arbitraria, ilegal, irrazonable, o fuera del marco de los poderes que se le delegaron. Examinada la totalidad del expediente, las posturas de las partes comparecientes y el derecho aplicable, resolvemos que la OCS actuó dentro del marco de los poderes que le han sido delegados. Añadimos que la determinación administrativa está basada en evidencia sustancial, pues los hechos medulares no están en controversia, por lo que la OCS estaba en posición de adjudicar el asunto de manera sumaria.

En este caso, no surge que la OCS haya errado en la aplicación o interpretación de las leyes o los reglamentos que se le ha encomendado administrar; tampoco que hubiera actuado arbitraria, irrazonable o ilegalmente al imponer las sanciones a Universal y ordenar el pago de la reclamación.

IV

Por virtud de los fundamentos expuestos, confirmamos la *Resolución* recurrida.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones